UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY COTZIN                                    JURY TRIAL DEMANDED

    v.
                                                        CASE NO. 3:14 CV

PAUL LEWIS OTZEL
MILFORD LAW, LLC

## COMPLAINT

1. Plaintiff brings this action against defendants to obtain relief for defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

2. This Court has jurisdiction. 15 U.S.C. §1692k(d).

3. Venue is proper because plaintiff and defendants are citizens of Connecticut.

4. Plaintiff is a natural person who was the object of efforts by Defendants to collect a defaulted home mortgage debt.

5. Defendants regularly collect, or attempt to collect, personal debts, including home mortgage debts, through the use of the mails.

6. Defendant's web site advertises that "Kapusta, Otzel & Averaimo attorneys are well versed in all of the different avenues of legal debt collection."

7. Defendants regularly bring foreclosure actions seeking deficiencies against homeowners who have defaulted on their mortgages.

8. It is well established that foreclosure is an attempt to collect a debt within the FDCPA. *See, e.g., Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 464 (6th Cir. 2013) (holding that mortgage foreclosure is debt collection under the FDCPA).

9. On May 6, 2014, Defendants mailed a letter to plaintiff regarding his defaulted mortgage account.

10. The letter stated, "You are delinquent or in default under your above loan and mortgage for failure to make required payments."

11. The purpose of the letter, in whole or in part, was to elicit payment "by restructuring the loan payment schedule or such other resolution." *See, e.g., Romea v. Heiberger & Assocs.,* 163 F.3d 111, 116 (2d Cir. 1998).

12. The letter did not include the notices required by FDCPA § 1692g.

13. Defendants did not provide the notices required by FDCPA §1692g within five days after May 6, 2014.

14. On June 19, 2014, defendants served Mr. Cotzin at his usual place of abode with a foreclosure complaint and miscellaneous related documents.

15. The Complaint alleged (¶3) "DEFENDANT BORROWER, has failed to pay the Note according to its tenor, and said note is in default and demand for payment has been made upon the DEFENDANT BORROWER."

16. The Complaint alleged (¶4) "DEFENDANT BORROWER has failed to make payment in accordance with said demand for payment."

17. The Complaint alleged (¶11) "DEFENDANT BORROWER is also notified pursuant to 15 U.S.C. 1692e(11) that this is an effort to collect a debt and any information obtained will be used for that purpose."

18. The Complaint requested a Deficiency Judgment.

19. The Complaint included a Notice "that PLAINTIFF herein intends to seek satisfaction of any deficiency judgment rendered in its favor in this action and from any debt accruing ... by reason of their respective personal services."

20. Defendants knew before May 6, 2014 that plaintiff had no personal obligation to make payment on the note and was not personally liable for any deficiency.

21. Defendants were able to draft a foreclosure complaint that did not include reference to the personal liability of the homeowner.

22. Any representation that defendant had personal liability was deceptive, misleading, or unfair.

23. By letter dated July 29, 2014, defendants acknowledged that plaintiff was represented by an attorney, and gave that attorney the notice required by FDCPA §1692g.

24. On Nov. 7, 2014, defendants communication directly with plaintiff, despite being in communication with his attorney about the same subject matter.

25. As a result of the above actions, Defendants are liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) as well as actual damages;

  (b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

  (c) That the Court grant such other and further relief as may be just and proper.

            Respectfully submitted,

               **/s/ Joanne S. Faulkner**
               Joanne S. Faulkner ct04137
               faulknerlawoffice@snet.net
               123 Avon Street
               New Haven, CT 06511-2422
               (203) 772-0395